Filed 5/17/16  P. v. Felix CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN JASON FELIX,<br><br>        Defendant and Appellant. | C079418<br><br>(Super. Ct. No. CM040638) |

Appointed counsel for defendant Brian Jason Felix asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

The facts are taken from the probation report as stipulated by the parties. On February 13, 2014, sheriff's deputies attempted a traffic stop of defendant's vehicle for a nonfunctioning brake light. Defendant, who was on parole at the time, failed to stop, leading deputies on a high-speed chase reaching speeds in excess of 80 miles per hour and running posted stop signs and traffic lights. A spike strip was deployed in an attempt to disable defendant's car, but after driving over the spike strip defendant continued to flee with officers in pursuit. Defendant eventually lost control of the car and spun out. He was detained, along with his passenger, Kayla Cernas. During a search of the vehicle, deputies found a backpack containing 76.4 grams of methamphetamine divided into five different packages, along with packaging materials, a digital scale, two glass methamphetamine smoking devices, marijuana cigarettes, 1,373 grams of marijuana divided into six different packages, a cell phone, and a pistol holster.

Officers subsequently conducted a parole compliance search of defendant's car and discovered, among other things, indicia of defendant's ownership of the vehicle and a small pouch containing brass knuckles and several folding knives.

Defendant was charged by amended information with felony evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a) – count 1), sale, offer to sell, or transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a) – count 2), offer to sell or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a) – count 3), possession of metal knuckles (Pen. Code, § 21810 – count 4)[1], and misdemeanor alcohol-related reckless driving (Veh. Code, §§ 23103 & 23103.5 – count 5). Count 5 was added at the plea hearing via the People's motion to modify the amended information. The amended information alleged defendant suffered two prior

---

[1] Undesignated statutory references are to the Penal Code.

prison terms (§ 667.5, subd. (b)) and one prior strike conviction ( §§ 667, subds. (b)-(j) & 1170.12).

The trial court heard and denied defendant's motion to substitute counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.

Defendant entered a negotiated plea of no contest to counts 1, 2, 4, and 5 and admitted the prior strike in exchange for dismissal with a *Harvey*[2] waiver of count 3 and the prior prison term enhancements, as well as two other pending cases (CM042441 and CM040716). Defendant stipulated to a factual basis for the plea as set forth in the probation report.

At defendant's sentencing hearing, the trial court found there was a factual basis for his plea, denied probation, and imposed a sentence of eight years eight months in state prison comprised as follows: the middle term of three years on count 2, doubled for the prior strike, plus two consecutive eight-month terms (one-third the middle term) on counts 1 and 4, both doubled pursuant to the prior strike, and a concurrent 90-day term for count 5. The trial court awarded defendant 893 days of presentence credit (447 actual and 446 conduct).

The trial court imposed various fines, fees and assessments, which are detailed in the abstract of judgment, and denied defendant's request for a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking us to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right

---

[2]  *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

3

to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/S/<br>
Mauro, J.

We concur:



Raye, P. J.

/S/<br>
Hoch, J.